Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALBERTO DE LA CRUZ PEREZ and
JOSE OTERO, on behalf of themselves,
and others similarly situated,

                                Plaintiffs,

            -against-

MILEA TRUCK SALES CORP.,
MTS REALTY OF QUEENS, INC.,
and BARRY MILEA, individually,

                                Defendants.

Case No.   21 CV 1100

**COMPLAINT in an
FLSA ACTION**

ECF Case

Jury Trial Demand

---

Plaintiffs, Alberto de la Cruz Perez and Jose Otero ("Plaintiffs"), on behalf of

themselves, and other similarly situated employees, by and through their undersigned

attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Milea Truck

Sales Corp., ("Milea Truck Sales"); MTS Realty of Queens, Inc.; and Barry Milea

(collectively, "Defendants"), and state as follows:

**INTRODUCTION**

1.      Plaintiffs, Alberto de la Cruz Perez and Jose Otero, allege that, pursuant to

the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are

entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs, Alberto de la Cruz Perez and Jose Otero, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are former employees of Defendants.

6.      Defendant, Milea Truck Sales Corp., is a business corporation existing and doing business under the laws of the State of New York, with a principal place of business at 885 East 149th Street, Bronx, New York 10455.

7.     Defendant, MTS Realty of Queens, Inc., is a business corporation existing and doing business under the laws of the State of New York, with a principal place of business at 885 East 149th Street, Bronx, New York 10455.

8.     Upon information and belief, Defendant, Barry Milea, is the owner, officer, director and/or managing agent of Milea Truck Sales Corp. and MTS Realty of Queens, Inc., whose address is unknown at this time and who participated in the day-to-day operations of Milea Truck Sales Corp. and MTS Realty of Queens, Inc., and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Milea Truck Sales Corp. and MTS Realty of Queens, Inc.

9.     Plaintiffs, Alberto de la Cruz Perez and Jose Otero, were employed by Defendants in Bronx County, New York, preparing vehicles and vehicle parts for sale and lease to the general public and delivering said vehicles and vehicle parts to customers.

10.     Plaintiff, Alberto de la Cruz Perez, was employed by Defendants continuously beginning on or about May 15, 2016, and ending in or about mid-February, 2020.

11.     Plaintiff, Jose Otero, was employed by Defendants continuously beginning on or about April 15, 2009, and ending on or about February 11, 2020.

12.     At all relevant times, Milea Truck Sales Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     At all relevant times, MTS Realty of Queens, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     At all relevant times, the work performed by Plaintiffs, and other similarly situated employees, was directly essential to the commercial truck sales and leasing businesses operated by Milea Truck Sales Corp. and MTS Realty of Queens, Inc.

15.     The individual defendant, Barry Milea, exercised control over the terms and conditions of his employees' employment, including Plaintiffs, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work locations, duties, and schedules, (iv) supervise, monitor, control and delegate the work of the employees, and (v) otherwise affect the quality of the employees' employment.

16.     The defendant corporations are owned, operated, and controlled by the individual defendant, Barry Milea.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

18.     Although Milea Truck Sales Corp. and MTS Realty of Queens, Inc. are separate corporations and business entities, they engage in related activities, namely, vehicle sales and leasing and distribution businesses with multiple locations, in New York City. The corporations shared Plaintiffs, as well as other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

19.     The corporations are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

20.     The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

21.     The corporate defendants share a common commercial business purpose, namely, operating vehicle sales and leasing businesses in New York City.

22.     Upon information and belief, an arrangement existed between the corporate defendants whereby both entities agreed to share the services of Plaintiffs.

23.     Upon information and belief, the corporate defendants, both doing business as, "Milea", shared control of Plaintiffs.

24.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and others similarly situated, lawfully earned wages for hours worked, in contravention of the FLSA and New York Labor Law.

25.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and others similarly situated, lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

26.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and others similarly situated, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

27.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### a.     Plaintiff Alberto de la Cruz Perez

28.     In May 2016, Plaintiff, Alberto de la Cruz Perez, was hired by Defendants to work as a general helper for Defendants' company known as "Milea Truck Sales", located at 885 East 149th Street, Bronx, New York 10455, with additional locations in Queens and Kings County, New York.

29.     Plaintiff, Alberto de la Cruz Perez, worked continuously for the Defendants during the period of time between May 2016 through February 2020.

30.     Plaintiff's duties were to prepare vehicles for sale/lease and deliver them to customers.

31.     Plaintiff Alberto de la Cruz Perez was paid by a "shell corporation", MTS Realty of Queens, Inc., although he worked for "Milea".

32.     During his employment by Defendants, Plaintiff Alberto de la Cruz Perez worked over forty (40) hours per week. Plaintiff generally worked between fifty (50) and fifty-five (55) or more hours per week.

33.     Plaintiff was paid hourly, but he was not paid wages for all hours worked, or overtime wages. Plaintiff was paid a regular rate of $11.00 per hour in 2016 and 2017; his rate of pay was raised to $14.00 per hour during approximately 2018; his hourly rate of pay was again raised, to $15.00 per hour, in approximately 2019, through the end of his employment.

34.     Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay, or his regular rate of pay, as required by state and federal law.

35.     By shaving time and rounding, Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees, for some hours they worked. Plaintiff estimates that he was paid for approximately two (2) or three (3) fewer hours than he actually worked, each week.

### b.     Plaintiff Jose Otero

36.     On or about April 15, 2009, Plaintiff, Jose Otero, was hired by Defendants to work as a general helper for Defendants' company known as "Milea Truck Sales", located at 885 East 149th Street, Bronx, New York 10455, with additional locations in Queens and Kings County, New York.

37.     Plaintiff, Jose Otero, worked continuously for the Defendants during the period of time between April 2009, through February 11, 2020.

38.     Plaintiff's duties were to prepare vehicles for sale/lease and deliver them to customers.

39.     During his employment by Defendants, Plaintiff Jose Otero worked over forty (40) hours per week. Plaintiff generally worked between fifty (50) and sixty (60) hours per week.

40.     Plaintiff was paid hourly, but he was not paid wages for all hours worked, or overtime wages. Plaintiff was paid a regular rate of $15.00 per hour in 2015 through

2017; his rate of pay was raised to $18.00 per hour during approximately 2018, through the end of his employment.

41.     Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay, or his regular rate of pay, as required by state and federal law.

42.     By shaving time and rounding, Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees, for some hours they worked. Plaintiff estimates that he was paid for approximately two (2) or three (3) fewer hours than he actually worked, each week.

43.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

44.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premiums to Plaintiffs and other similarly situated employees.

45.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

46.     Defendant, Barry Milea, is an individual who, upon information and belief, owns the stock of Milea Truck Sales Corp., owns Milea Truck Sales Corp., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

47.     At all relevant times, defendants, Barry Milea, created and implemented crucial business policies, including supervising the Plaintiffs and other employees, created workplace policies and procedures, work schedules, and also determined the method and manner by which the employees were to be paid.

48.     Defendant, Barry Milea, has been and is the corporate defendants' owner; he creates and implements crucial business policies.

49.     Defendant Barry Milea, exercised sufficient control over Milea Truck's day-to-day operations as to be considered an employer of Plaintiffs and others similarly situated, under the FLSA and New York Labor Law.

50.     Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, Milea Truck Sales Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

51.     Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, MTS Realty of Queens, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and

has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

52.     At all relevant times, Defendant Milea Truck Sales, Inc. had an annual gross volume of sales in excess of $500,000.

53.     At all relevant times, Defendant MTS Realty of Queens, Inc. had an annual gross volume of sales in excess of $500,000.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring this action individually and as representatives on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since February 2018 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage for some hours worked, and less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

55.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit

that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

56.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

57.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

58.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

59.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages for all hours worked, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

60. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

61. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

62.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and collective action members, are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64.    At all relevant times, Defendants employed Plaintiffs and collective action members, within the meaning of the FLSA.

65.    Plaintiffs, and collective action members, worked hours for which they were not paid the statutory minimum wage.

66.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for some hours worked.

67.    Plaintiffs, and collective action members, were entitled to be paid at the rate of time and one-half their regular rate of pay, for all hours worked in excess of the maximum hours provided for in the FLSA.

68.    Defendants failed to pay Plaintiffs, and collective action members, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

69.    At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-

half to Plaintiffs, and collective action members, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

70.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, and collective action members, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs, and collective action members.

71.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

72.     Plaintiffs' "overtime compensation", or compensation for hours worked in excess of forty (40) hours per week, was paid at their regular rate of pay.

73.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs may be in the possession and custody of the Defendants, though such records may be inaccurate or false because their weekly wage statements did not accurately reflect their working hours. Plaintiffs intend to obtain such records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

74.     Defendants failed to properly disclose or apprise Plaintiffs, and collective action members, of their rights under the FLSA.

75.     As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs, and collective action members, are entitled to liquidated damages pursuant to the FLSA.

76.     Due to the unlawful acts of the Defendants, Plaintiffs, and collective action members, suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

77.     Plaintiffs, and collective action members, are entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

78.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "77" of this Complaint as if fully set forth herein.

79.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

80.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay minimum wages in the lawful amount for hours worked.

81.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, or their regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

82.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums for each day they worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

83.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

84.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

85.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "84" of this Complaint as if fully set forth herein.

86.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

87.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

88.     Defendants did not provide Plaintiffs, and collective action members, with statements accurately accounting for their actual hours worked, and setting forth their

hourly rate of pay, regular wage, and overtime wages. Plaintiffs' overtime hours were described as "car reimbursements" to as to avoid paying statutory overtime compensation.

89.     Upon information and belief, this was done to disguise the actual number of hours Plaintiffs, and collective action members, worked and to avoid paying for their full hours worked; and, overtime due.

90.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

91.     Plaintiffs were not provided with true and accurate wage notices and weekly wage statements as required by law.

92.     Defendants' failure to provide an accurate annual wage notice entitles Plaintiffs, and collective action members, to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

93.     Defendants' failure to provide a weekly wage statement entitles Plaintiffs, and collective action members, to statutory damages in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

94.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs Alberto de la Cruz Perez and Jose Otero, on behalf of themselves, and similarly situated employees, respectfully request that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(c)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(d)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all issues.

Dated: New York, New York
   February 8, 2021

           Respectfully submitted,

           CILENTI & COOPER, PLLC
           **Attorneys for Plaintiffs**
           10 Grand Central
           155 East 44th Street – 6th Floor
           New York, NY 10017
           Telephone  (212) 209-3933
           Facsimile  (212) 209-7102
           E-mail:  pcooper@jcpclaw.com

By:   _____
          Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Alberto de la Cruz Perez**, am an individual currently or formerly employed by

**Milea Truck,** and/or related entities.  I consent to be a plaintiff in the above-captioned

action to collect unpaid wages.

Dated: New York, New York
      January 26, 2021

Alberto de La Cruz Perez

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, **Jose Otero**, am an individual currently or formerly employed by **Milea Truck**,

and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect

unpaid wages.

Dated: New York, New York
           February 3, 2021

_____
                                        **Jose Otero**