# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 30, 2021

**VIA ECF & E-MAIL**
Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007-1312
cronannysdchambers@nysd.uscourts.gov

   *Re:*  **Perez,** *et ano.* **v. Milea Truck Sales Corp,** *et al.*
       **Case No: 1:21-cv-1100 (JPC) (RWL)**
       <u>**Our File No.: 155-2020**</u>

Dear Judge Cronan:

  This office represents the Defendants Milea Truck Sales Corp. (hereinafter ("Milea"), MTS Realty of Queens, Inc. (hereinafter "MTS") (Milea and MTS collectively hereinafter the "Corporate Defendants"), and Barry Milea (hereinafter the "Individual Defendant") (the Corporate Defendants and the Individual Defendant collectively hereinafter the "Defendants") in the above-referenced case. <u>See</u> Docket Entry 56. Defendants write jointly with the Plaintiffs to respectfully request extensions of time to respond to the complaint as well as to submit a joint letter and proposed case management plan & scheduling Order (hereinafter "Proposed Scheduling Order") pursuant to this Court's Notice of Assignment and Order dated February 24, 2021.

<u>Extension of Time to Answer</u>

  Pursuant to ¶ 3(B) of this Court's Individual Rules and Practices in Civil Cases (hereinafter "Individual Rules"), Defendants submit that: (i) the original deadline to respond the complaint was April 10, 2021; (ii) the reason for the request is that the parties have a mediation scheduled on May 19, 2021 and Defendants should not be forced to expend legal fees unnecessarily in the event the parties settle; (iii-iv) there have been no previous requests for an extension of this deadline; (v) opposing counsel consents to and joins in this request; and (vi) the requested extension does not affect any other scheduled dates or deadlines.

  Defendants respectfully submit that good cause and excusable neglect exists warranting an extension of time for them to respond to the complaint in this case. The Defendants waived service of the complaint and, prior to their deadline to answer, a mediation referral Order was issued by this Court. The Defendants have compiled and produced time and pay records consistent with the Order referring this case to mediation together with a detailed week-by-week spreadsheet in this wage-and-hour case to focus on resolution efforts. The parties have also exchanged an offer and a demand in advance of the mediation, which only assist in those efforts. The great likelihood is that this case will be settled at the mediation, if not before then.

Plaintiffs expressly reserve their right to move for the conditional certification of a collective action if the mediation is not successful. Notwithstanding, Defendants submit that they should not be forced to incur attorneys' fees unnecessarily preparing a formal answer to the complaint at this time. Indeed, Rule 1 of the Federal Rules of Civil Procedure (hereinafter the "Rules") provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added).

Defendants failed to timely answer because your undersigned's support staff neglected to calendar the answer deadline in your undersigned's firm calendar. Defendants thus respectfully submit that excusable neglect exists here, where Defendants have actively worked on resolving this case and have meaningfully participated in the mediation process.

Accordingly, Defendants submit that good cause and excusable neglect has been established warranting that this Court grant the requested extension of the Defendants' deadline to answer. See Fed. R. Civ. P. 6(b)(1)(B).

Extension of Time to Submit Joint Letter and Proposed Scheduling Order

For the same reasons above, the parties jointly submit that good cause exists for an extension of the May 3, 2021 deadline to submit a joint letter and proposed scheduling Order. Defendants submit that good cause and excusable neglect has been established warranting that this Court grant the requested extension of the Defendants' deadline to answer. See Fed. R. Civ. P. 6(b)(1)(A). The parties respectfully submit that the deadline should be extended by thirty (30) days to June 3, 2021 in the event that the parties are unable to resolve this case at or prior to the May 19, 2021 scheduled mediation.

Pursuant to ¶ 1(A) of this Court's Individual Rules, the letter to this Court is docketed on ECF and submitted via e-mail as a .pdf attachment.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
April 30, 2021                                         Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Cilenti & Cooper, PLLC
"10 Grand Central"
155 East 44th Street, 6th Floor
New York, NY 10017-4027
pcooper@jcpclaw.com

**VIA ECF**
Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007-1312

This request is granted. Defendants do not specify the date by which they wish to answer or otherwise respond to the Complaint. But Defendants request that the deadline to submit the joint letter and proposed case management plan and scheduling order be extended to June 3, 2021. The Court grants this extension, and also orders that Defendants shall answer or otherwise respond to the Complaint by June 3, 2021.

The initial pretrial conference scheduled for May 10, 2021 at 10:30 a.m. is adjourned to June 7, 2021 at 10:00 a.m. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

SO ORDERED.

Date: May 1, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge